IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHNNY L. BRADLEY, Individually and on behalf of the wrongful death beneficiaries of Timica M. Bradley, deceased, and Deante Bradley, a minor, by and through his next friend and natural father, Johnny L. Bradley**  **PLAINTIFF**

**VS.**  **CIVIL ACTION NO. 4:03CV94LR**

**COOPER TIRE & RUBBER COMPANY, FORD MOTOR COMPANY and JOHN T. EBERT**  **DEFENDANTS**

## ORDER

This matter came before the court on the Defendant Ford Motor Company's Motion to Quash Plaintiff's Notice of Depositions and for Protective Order, which is opposed by the Plaintiffs. The issue between these parties is whether the Plaintiffs may take the depositions of individual Ford Motor Company employees in the absence of a notice issued under the provisions of Fed. R. Civ. P. 30(b)(6). Ford argues that the notices are defective, in that they do not comply with Rule 30(b)(6) and do not specify the topics on which the deposition will be taken.

Fed. R. Civ. P. 26(c) permits a motion for a protective order to be brought "by a party or by the person from whom discovery is sought . . .for good cause shown . . . ." While Ford may argue, in the context of a protective order, issues related to Ford Motor Company's concerns in this litigation, it is not clear what standing the company has to assert the rights of non-parties. *See, e.g., Burton Mechanical Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992); *United States v. Urban Health Network, Inc.*, Civ. No. 91-5976, 1992 WL 164950 at *1 n.1 (E.D. Pa. July 6, 1992); *Sneirson v. Chemical Bank*, 108 F.R.D. 159, 160 n.2 (D. Del. 1985); *Dart Industries, Inc.*

*v. Liquid Nitrogen Processing Corp.*, 50 F.R.D. 286, 291 (D. Del. 1970).  However, the dispute that was personal to the employees, whether the depositions must be taken within 100 miles of the deponents' residences, has apparently been resolved.

Assuming that the other issues argued by Ford relate to its interests in the litigation, and Ford has standing to raise them, the court is, nonetheless, of the opinion that the Plaintiffs have the right to take the depositions of Ford's employees, either as corporate representatives, pursuant to Rule 30(b)(6), or as individual fact witnesses.  *See, e.g., In re Terra Int'l, Inc.* , 134 F.3d 302 (5th Cir. 1998).  However, as non-party fact witnesses, these employees' appearance at a deposition can only be compelled through subpoenas. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 2103 (3d ed. 1994):

> [A] party who wishes the deposition of a specific officer or agent of a corporation may still obtain it and is not required to allow the corporation to decide for itself whose testimony the other party may have.  A distinction must then be drawn between a mere corporate employee and those who may be regarded as speaking for the corporation.  Except where the employee has been designated by the corporation under Rule 30(b)(6), an employee is treated tin the same way as any other witness.  His or her presence must be obtained by subpoena rather than by notice, sanctions cannot be imposed against the corporation if he or she fails to appear, and the deposition is not considered to be that of the corporation and is usable only under the same circumstances as that of any other nonparty witness.

*See also* Fed. R. Civ. P. 45.

There is no indication that subpoenas have been served on these non-parties.  Since Ford Motor Company has not raised this issue, it may intend to waive the requirement of subpoenas, although the court doubts that it can do so without the employees' consent.  In any event, the court holds that the Plaintiff need not submit a list of topics in advance of the deposition, so long as he complies with all other rules relating the deposition of a non-party.

IT IS FURTHER ORDERED that Defendant Ford Motor Company's Motion to Quash Plaintiff's Notice of Depositions and for Protective Order is hereby **denied**.

IT IS SO ORDERED, this the 7th day of April, 2006.

s/John M. Roper
UNITED STATES MAGISTRATE JUDGE
