**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JOHNNY L. BRADLEY, individually
and on behalf of the Wrongful Death
Beneficiaries of TIMICA M. BRADLEY,
Deceased, And Deante Bradley, a Minor,
by and through His Next Friend and
Natural Father, JOHNNY L. BRADLEY**                                                                **PLAINTIFFS**

**vs.**                                                                                 **CIVIL ACTION NO. 4:03CV94LN**

**COOPER TIRE & RUBBER COMPANY,
FORD MOTOR COMPANY**                                                                          **DEFENDANTS**

**STIPULATED PROTECTIVE ORDER**

In order to preserve and maintain the confidentiality of certain confidential, commercial and proprietary documents to be produced by FORD MOTOR COMPANY ("Ford") in this action, it is ordered that:

1. Documents to be produced by Ford in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Protective Order" in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, whether produced as hard copy, computer diskette, CD-ROM or otherwise.

3. The burden of proving that a Protected Document contains confidential technical information is on Ford. Prior to designating any material as "Confidential," Ford must make a bona fide determination that the material is, in fact, a trade secret or other confidential technical information, the dissemination of which would damage Ford's competitive position. If a party disagrees with the

"confidential" designation of any document, the party will so notify Ford in writing. Ford will timely apply to this Court to set a hearing for the purpose of establishing that said document is confidential. Any document so marked as confidential will continue to be treated as such pending determination by the Court as to its confidential status.

    4.    The designation of Protected Documents may be made by marking or placing the notice "Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

    5.    Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

    6.    Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a.    Counsel of Record for the parties, and the parties;

    b.    Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c.    Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

    d.    The Court, the Court's staff, witnesses, and the jury in this case; and

    e.    Attorneys representing plaintiffs and the experts and consultants retained by plaintiffs in other cases pending against Ford involving a UN150 Explorer and the

       same allegations asserted in this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

    f.    The disclosure of such confidential materials to said experts or consultants will be in hard copy form only and will not be in any digitized or other computer readable format (such as a PDF format).

7.    Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b), 6(c) and 6(e) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the parties will retain the Written Assurance and will keep a list of all persons who have received Protected Documents for inspection by the Court and, upon order of the Court, counsel for Ford.

8.    To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

9.    All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

10. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

11. Counsel for the parties shall not be required to return the Protected Documents to Ford after the conclusion of this case and may retain the documents pursuant to the terms of this Order.

12. To the extent Ford is requested to produce documents it feels should not be subject to the sharing provisions of this protective order, Ford does not waive its right to subsequently request that the parties enter into a non-sharing protective order prior to the production of any such documents.

13. Inadvertent or unintentional production of documents or information containing information which should have been designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

14. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

15. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

16. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

17. All persons described in paragraph 6 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford's Protected Documents and Confidential information.

DATED: May 6, 2006                          BAKER, DONELSON, BEARMAN,
                                            CALDWELL & BERKOWITZ, P.C.


                                            By: /s/ Cable M. Frost
                                                BRADLEY W. SMITH
                                                CABLE M. FROST
                                                Attorneys for Defendant
                                                Ford Motor Company


DATED: May 5, 2006                          BRADLEY, ARANT & WHITE, LLP


                                            By: /s/ Justin T. McDonald
                                                RICHARD H. MONK, III
                                                LEIGH ANN FLEMING
                                                Attorneys for Defendant
                                                Cooper Tire & Rubber Company

So Ordered, this 8th day of May, 2006.


                                            /S/ TOM S. LEE
                                            Presiding Judge

5

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JOHNNY L. BRADLEY, individually
and on behalf of the Wrongful Death
Beneficiaries of TIMICA M. BRADLEY,
Deceased, And Deante Bradley, a Minor,
by and through His Next Friend and
Natural Father, JOHNNY L. BRADLEY**                    **PLAINTIFFS**

**vs.**                                                                            **CIVIL ACTION NO. 4:03CV94LN**

**COOPER TIRE & RUBBER COMPANY,
FORD MOTOR COMPANY**                                          **DEFENDANTS**

AFFIDAVIT OF _____/s/   Justin T. McDonald_____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Protective Order attached hereto and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United States District Court for the Southern District of Mississippi, Eastern Division in which the action of Johnny L. Bradley v. Ford Motor Company, Civil Action No. 4:03CV94LN, is pending, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This   5th   day of May, 2006.

                                        /s/ Justin T. McDonald
                                                AFFIANT


SUBSCRIBED AND SWORN to before me
this   5th    day of May, 2006.
   /s/      Sherry L. Bush
NOTARY PUBLIC

My Commission Expires: July 30, 2009