IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHNNY L. BRADLEY, Individually and on behalf of the wrongful death beneficiaries of Timica M. Bradley, deceased, and Deante Bradley, a minor, by and through his next friend and natural father, Johnny L. Bradley**                                 **PLAINTIFF**

**VS.**                                                                                        **CIVIL ACTION NO. 4:03CV94LR**

**COOPER TIRE & RUBBER COMPANY, FORD MOTOR COMPANY and JOHN T. EBERT**                                                                                                                             **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiff's Motion to Quash Subpoena Duces Tecum, which involves a subpoena for the Plaintiff's banking records that was served on Trustmark National Bank. Because the Motion is brought by a party seeking to protect confidential information, rather than the entity upon which the subpoena was served, the court will treat it as a Motion for a Protective Order.

The court earlier reviewed the motion and noted the lack of a Certificate of Good Faith as an attachment to it. Fed. R. Civ. P. 26(c) requires a party moving for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties not making the disclosure in an effort to resolve the dispute without court action . . . ." Unif. Local R. 37.1(A) also requires counsel to confer in good faith prior to the filing of a discovery motion and goes on to state, "A Good Faith Certificate (Official Form No. 5) shall be filed with all discovery motions, with a copy to the Magistrate Judge." Thus, the moving party's filing of a Good

Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion for protective order.

Before the court could enter an order denying the Motion, the Defendant responded and the Plaintiffs submitted a rebuttal pleading. Both parties appear to agree that the subpoena, which sought all of the Plaintiffs' bank records for a period of two years, could be more narrowly tailored. Counsel for the parties has belatedly, but seemingly in good faith, offered to confer to resolve this matter. For that reason, and because no Certificate of Good Faith was initially attached to the Motion for Protective Order, that motion will be denied. This denial is without prejudice to the Plaintiff's right to file a subsequent Motion for Protective Order with the appropriate attachment after the parties have actually conducted a good faith conference.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Quash Subpoena Duces Tecum is hereby **denied**.

IT IS SO ORDERED, this the 10th day of July, 2006.

                                                  s/John M. Roper
                                    UNITED STATES MAGISTRATE JUDGE