**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | |
|---|---|
| **JOHNNY L. BRADLEY, Individually and on behalf of the wrongful death beneficiaries of Timica M. Bradley, deceased, and Deante Bradley, a minor, by and through his next friend and natural father, Johnny L. Bradley** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 4:03CV94LR** |
| **COOPER TIRE & RUBBER COMPANY, FORD MOTOR COMPANY and JOHN T. EBERT** | **DEFENDANTS** |

**ORDER**

This matter came before the court on the Plaintiff's Renewed Motion Regarding Cooper's Objection to Tire Sectioning and the Defendant Cooper Tire & Rubber Company's Motion for Leave to File Surrebuttal Memorandum in Opposition to Plaintiff's Motion to Compel and Rebuttal and Alternatively Motion to Strike. With regard to the first Motion, the Plaintiff had previously requested that it be allowed to section two of the three remaining tires that were on the Bradleys' vehicle at the time of the accident. The court denied that Motion, primarily because it was made so late in the course of this litigation. After that denial, both the Plaintiff and Ford Motor Company moved for a continuance, at least in part for the purpose of sectioning the tires. Judge Lee then entered an Order continuing this case to the next available trial calendar and adjusting all other deadlines accordingly, which the Plaintiff construes as implicit approval of this testing.

The Plaintiff has thus renewed his Motion regarding sectioning, citing the continuance as the primary reason for the request. Cooper Tire has objected and presented a persuasive argument that this destructive testing is unnecessary in a case based on a design defect and will substantially impair its ability to show that other factors contributed to the tire failure that is the basis of this action. The

Plaintiff has not countered that argument, but continues to assert that the granting of a continuance mandates the sectioning. The undersigned disagrees. Many reasons were given to support a continuance, including the sheer volume of discovery remaining and Ford's need to counter the recent testimony of Cooper's expert that a design defect with the vehicle caused the accident. In the absence of an express opinion from Judge Lee that the continuance was necessary to accommodate the alleged need to section the remaining tires, the undersigned is not inclined to change the prior ruling on this issue. Therefore, the Renewed Motion will be denied.

One basis for Cooper Tire's Motion – which seeks an Order permitting it to file a surrebuttal pleading on the Plaintiff's Motion to Compel – is to present argument opposing the Plaintiff's allegations regarding the nature of the discovery conferences that have occurred among the parties. The other basis is to counter the Plaintiff's rebuttal argument regarding a television broadcast that included documents that Cooper claims are confidential. Alternatively, Cooper moves that the Plaintiff's rebuttal pleading be stricken, on grounds that it was untimely filed.

The court will permit Cooper Tire to file a short surrebuttal on one issue only – the broadcast of confidential documents. The court's ruling on this Motion will be limited to the substantive issue of whether the information sought by the Plaintiff should be produced; therefore, there is no need to hold a hearing or consider argument on the motives of the parties during their discovery conferences. Moreover, the Plaintiff's rebuttal pleading was not untimely. The court inadvertently ordered the rebuttal to be filed on October 9, which was Columbus Day – a legal holiday. Therefore, the Plaintiff was permitted until the next working day to submit the pleading. Fed. R. Civ. P. 6(a), 77(c). This Motion will be granted, then, but only to the extent of limited rebuttal on the broadcast issue.

IT IS, THEREFORE, ORDERED that the Plaintiff's Renewed Motion Regarding Cooper's Objection to Tire Sectioning is hereby **denied**.

IT IS FURTHER ORDERED that the Defendant Cooper Tire & Rubber Company's Motion for Leave to File Surrebuttal Memorandum in Opposition to Plaintiff's Motion to Compel and Rebuttal and Alternatively Motion to Strike is hereby **granted** in part and **denied** in part. Cooper Tire may submit a surrebuttal pleading on or before October 27, 2006, limited to the issue of the broadcast of confidential documents, and consisting of no more than five pages.

IT IS SO ORDERED, this the 23rd day of October, 2006.

s/John M. Roper<br>UNITED STATES MAGISTRATE JUDGE