**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JOHNNY L. BRADLEY, Individually and on
behalf of the wrongful death beneficiaries of
Timica M. Bradley, deceased, and Deante
Bradley, a minor, by and through his next
friend and natural father, Johnny L. Bradley**                              **PLAINTIFF**

**VS.**                                                                **CIVIL ACTION NO. 4:03CV94LR**

**COOPER TIRE & RUBBER COMPANY, FORD
MOTOR COMPANY and JOHN T. EBERT**                              **DEFENDANTS**

**ORDER**

This matter came before the court on the Plaintiffs' Motion to Compel, by which they seek numerous documents in response to discovery requests made earlier in the case. The court has carefully reviewed the Motion and the related pleadings of the parties, including a Surrebuttal submitted by Cooper Tire & Rubber Company. For the reasons more fully set out below, the court is of the opinion that some of the Requests seek information precluded by Judge Lee's earlier dismissal of the Plaintiffs' manufacturing defect claim. Other Requests seek information about tire models that have not been show to be substantially similar to the one that allegedly caused the injuries for which the Plaintiffs seek damages. Finally, the court rejects the Plaintiffs claims that Cooper Tire ought to produce documents in this case for the sole reason that they were produced in other case, or that Cooper Tire ought to be punished in this matter for alleged discovery abuses in other cases, particularly in light of the Plaintiffs' delay in seeking these documents here. For all of these reasons, the court finds that the Motion to Compel should be granted in part and denied in part.

This is an old case that was removed to this court from the Circuit Court of Clarke County on February 18, 2003. A Motion to Remand was filed and denied on February 3, 2004. On August

24, 2004, the Plaintiffs served Requests for Production on Cooper Tire, which were answered on September 20, 2004. Another set of Requests for Production was served on February 10, 2005, and answered on or about February 24, 2006. At that point, discovery was scheduled to end on October 1, 2006; however, it was not until August 31, 2006, that this Motion to Compel was filed. The Motion contends that thirty-five of Cooper Tire's Responses are inadequate, for various reasons. Since the time that this Motion was filed, the court has continued the trial date for this case and adjusted the remaining deadlines, including the discovery deadline, primarily for the purpose of permitting the parties to complete depositions. Discovery is now set to end on January 15, 2007.

During the course of this litigation, Cooper Tire submitted two Motions for Summary Judgment. The Plaintiffs' claims are based upon the death of Timica Bradley in an automobile accident in New Mexico. Mrs. Bradley's family contends that the accident was caused by a tread separation in the left rear tire of their Ford Explorer. However, after the completion of an investigation of the accident by the Bradleys' insurance carrier, the carrier destroyed the tire. Cooper Tire initially argued that the case should be dismissed due to this spoliation of evidence, or, alternatively, that the Plaintiffs' expert witness should be prevented from testifying as to the cause of the accident. Both of these Motions were denied by Judge Lee by a Memorandum Opinion and Order entered on October 25, 2005. Later, Cooper Tire moved for partial summary judgment on the issue of whether the accident was caused by a manufacturing defect, and this Motion was granted by Judge Lee on July 20, 2006. In so doing, Judge Lee noted, "[P]laintiffs have had over three-and-a-half years to develop evidence to support any putative manufacturing defect claim and yet have failed to do so." Thus, the Plaintiffs' case against Cooper Tire rests only on whether they can establish that a design defect caused the accident at issue.

Fed. R. Civ. P. 26 (b) limits the scope of discovery to matters "relevant to the claim or defense of any party . . . ." Because there is no longer a case against Cooper based on a theory of a manufacturing defect, requests that relate to the manufacturing process do not seek information relevant to the Plaintiffs' remaining claim. Therefore, the Motion to Compel will be denied as to those requests. Much of the remaining dispute between these parties is based on their disagreement as to what constitutes "similar tires" for purposes of discovery. The Plaintiffs take the position that the permissible scope of discovery includes all "Cobra" tires. "[M]ost, if not all Cobra tires contain the same internal components, including the same anti-oxidants/anti-ozonants (anti-aging chemicals), same lack of gum strips, same lack of cap plies, the same or similar inner-liner, and most importantly, the same or similar skim stock, which happens to be the failure mode in the instant tire." Motion, p. 5. In opposition, Cooper Tire argues that the brand name "Cobra" is merely a marketing label that has been given to 230 different tires of varying sizes and specifications. Thus, they argue, absent some demonstration from the Plaintiffs as to why other tires are sufficiently similar to the one at issue that discovery should include those tires, the Plaintiff's Motion should be denied.

The Plaintiffs' argument in rebuttal is simply that Cooper Tire should provide them the same documents that have been provided in other cases because they are "relevant." There is no explanation as to the relevance of those documents, other than the attorneys' opinion, apparently based on their eight years of collective litigation experience against Cooper Tire. They set forth examples of numerous cases in which more, or different, documents were ordered to be produced. The court has reviewed several cited cases involving Cooper Tire, some that were cited by the Plaintiffs and some that were not, and finds that the decisions in other cases often rest on substantially dissimilar facts.

This is not a class action like *Talalai v. Cooper Tire & Rubber*, No. L-008830-00MT, Superior Court of New Jersey, Law Division, Middlesex County, where, obviously, discovery was much broader in scope. Likewise, the scope of the issues in this case has been narrowed by the exclusion of the manufacturing case, contrary to the situation in *Crosby v. Cooper Tire & Rubber Co.*, 524 S.E. 2d 313 (Ga. Ct. App. 1999). Even in *Crosby*, however, where both a manufacturing and a design defect were alleged, the court held that adjustment documents related to other tire models could only be used to show frequency of manufacturing defect compared to mis-use; for all other purposes, the court held, documents must be related to the same or similar model tires. *Id*. at 318. In some cases, courts have agreed with the Plaintiffs' characterization of the scope of discovery or Cooper Tire's discovery abuses. Thus, in another case in which claims were based both upon design **and** manufacturing defects, the court found that discovery should not be limited to tires with the same green tire specification limits as the subject tires. *Mann v. Cooper Tire Co.*, 816 N.Y.S. 2d 45, 55 (2006). Additionally, in a Mississippi state court case, the circuit judge found that Cooper Tire had intentionally thwarted the discovery process, although his imposition of a $10,000.00 fine was reversed and remanded by the Mississippi Supreme Court. *Cooper Tire & Rubber Co. v. McGill*, 890 So. 2d 859 (Miss. 2004).

Having reviewed the opinion in that case, the court cannot disagree with its conclusion regarding Cooper Tire's inexplicable delay in seeking the court's assistance in resolving discovery disputes. Here, however, it is the Plaintiffs who have waited until the eleventh hour to argue discovery issues. Moreover, another court exonerated Cooper Tire from allegations of discovery abuses – allegations that were brought by the same counsel that represent the Plaintiffs here. *Prapha-Phatana v. Cooper Tire & Rubber Co.*, No. 03-1089-PHX-ROS, 2006 WL 2683629 (D.

Ariz. Sept. 19, 2006).  In yet another case, counsel for the plaintiff was found to have committed discovery violations.  *McDonald v. Cooper Tire & Rubber Co.*, 386 Fed. Appx. 930, 932 (11th Cir. 2006).

None of those cases provides a formula that must be followed in ruling on the discovery requests in this case.  The fact that documents were produced in another case is only germane to this discussion if Cooper Tire refuses to produce relevant documents by claiming undue hardship. Production of the documents in other cases does not, however, make them relevant to this case, which is the issue at hand.  Moreover, the court's disposition of this Motion does not rely on the fact that portions of two confidential documents were shown on a television station in another state, as there is no indication that the documents were voluntarily released by Cooper Tire, which is apparently pursuing its claim that they were unlawfully obtained.  Nor is there any evidence that Cooper Tire has committed any act in violation of an order of this court or intentionally prevented the Plaintiffs from discovering relevant information in this case.  Thus, the court's ruling here relies only on the applicable law and the facts of this case, and, with regard to the individual discovery requests at issue, follows:

**No. 34:**   Tire Engineering Specifications and Green Tire Specifications for any and all similar tires.

**No. 36:**   Any and all documentation created by Cooper incidental to the implementation of any and all specification changes to similar tires, to specifcally include, but not be limited to, any documentation that specify and/or reference reason(s) for any and all such change(s).

**No. 37:**   Product Change Notification for any and all similar tires.

**No. 38:**   Any and all documents generated in connection with any evaluation program implemented in connection with a product change notification issued pursuant to a specification change of the subject tire green tire specifications.

**Ruling:**   The model of the tire on the Bradley vehicle is described as Green Tire Specification ("GTS") 2256.  The tire was manufactured during the week of April 30 - May 6, 2000, and the accident occurred on July 12, 2002.  Cooper Tire has offered to produce certain responsive information relative to GTS 2256, for the time period from May, 1997, through May, 2002.  The court finds that the Plaintiffs have not established that any other tire is sufficiently similar, for purposes of establishing a design defect, that it should be included in this production.  Therefore, the Motion to Compel will be granted as to these Requests, but only to the extent that Cooper Tire shall produce responsive documents related to the GTS 2256 from the time period May, 1997, through May, 2002.

**No. 13:**   Copies of adjustment records for all tires produced by Defendant with nylon overlays, cap plies, or nylon belt edge strips for five years prior to the date of manufacture of the subject tire through the present.

**No. 14:**   Copies of any and all adjustment records, accumulation of adjustment data, adjustment databases, claims databases or analysis of adjustment records for steel belted radial passenger and light truck tires produced by Cooper Tire & Rubber Company for five years prior to the date of manufacture of the subject tire through the present.

**No. 15:**  Any and all documents, including but not limited to, periodic reports, i.e., monthly, quarterly, semi-annual, etc., which reflect injuries, accidents, failures in service, malfunctions, or tread separations of steel belted radial passenger or light truck tires produced by Cooper Tire &

Rubber Company for five years prior to the date of manufacture of the Subject Tire through the present.

**No. 16:**   Any and all documents which reflect injuries, accidents, failures in service, or malfunctions of steel belted radial passenger or light truck tires produced by Cooper Tire & Rubber Company for five years prior to the date of malfunction of the subject tire through the present in which a tire suffered tread or tread belt separation and subsequent loss of control of the vehicle, including, but not limited to, complaints and accident reports.

**No. 17:**   Provide any periodic reports, including but not limited to, monthly, quarterly, semi-annually, etc., of adjustment records or adjustment analysis provided to plant chemists, management, or corporate headquarters.

**No. 18:**   Copies of claims database and copies of all "incident reports," "claims reports," or "product liability reports" reflecting complaints of tread belt separation for Cooper steel-belted radial passenger and light truck tires for five years prior to the date of manufacture of the subject tire through the present.

**No. 19:**   Copies of "incident reports," "claims reports," or "product liability reports" for all tires produced by defendant with nylon overlays, 0° cap piles, or nylon belt edge strips for five years prior to the date of manufacture of the subject tire through the present.

**No. 20:**   Copies of any and all complaints brought against Cooper Tire & Rubber Company for alleged tread separation and/or belt separation of radial steel belted passenger or light truck tires which resulted in personal injury or property damages for five years prior to the date of manufacture of the subject tire through the present.

**No. 57:**  Any and all quarterly adjustment reviews for 1999, 2000, 2001, 2002, 2003, and/or 2004 with complete year-to-date adjustment comparison graphs and charts and complete percent ultimate trend graphs and charts.

**No. 58:**  Any and all documents generated from two years prior to the date of manufacture of the subject tire to the present referencing or denoting adjustments of Cooper steel belted radial passenger tires for cracking below the aligning rib, cracking at the stock junction, buckles in the crown or sidewall, and/or outside circumferential breaks.

**No. 60:**  Any and all documents referencing, including, or discussing predicted adjustment numbers (possibly referred to as predicted ultimate) for or encompassing similar tires for five years prior to the date of manufacture of the subject tire through the present.

**No. 61:**  Any and all documents referencing, including, or discussing comparisons or quarterly adjustment date related to or encompassing similar tires for five years prior to the date of manufacture of the subject tire through the present.

**Ruling:**  The Plaintiffs grouped these Requests together under the heading "Warranty adjustment information."  Cooper Tire refused to provide documents responsive to some of the Requests and agreed to provide limited responses to others.  The court is of the opinion that the Motion to Compel should be granted as to these Requests, but that documents should be limited in scope to Green Tire Specification 2256 for the time period from May, 1997, through May, 2002

**No. 42:**  Produce any and all documents generated in connection with any "Special Hold Program," the objective and/or studies and/or analysis of which pertained to, in whole or part, body ply perforations, innerliner air permeation, innerliner thickness, innerliner compound changes, monoply compound changes, steel belt compound changes, steel belt dimensional changes, tread/belt

8

separation issues, durability issues, body plies (HPL, monoply, and/or superply), issues concerning cracking below the aligning ribs, issues concerning cracking at the stock junction, issues concerning buckles in the crown or sidewall, and/or issues concerning outside circumferential breaks.

**No. 50:**   Any and all documents that reflect or relate to any change in the level of antioxidants, antiozonants and/or antidegradents in similar tires from 1985 to the present.

**Ruling:**   Cooper Tire objected to these Requests on grounds that they sought documents relevant to the claim of a manufacturing defect, which is no longer viable.  However, the court is of the opinion that these documents could also have alerted Cooper Tire to design problems with the subject tire.  Therefore, the Motion to Compel will be granted as to these Requests, but limited to the GTS 2256 from May, 1997, to May, 2002.

**No. 27:**   The claims tires stored at Cooper Tire's Findlay, Ohio facility.

**Ruling:**   The three remaining tires on the vehicle are available for inspection, and the Plaintiffs can obtain other tires of that type and use by other means.  Permitting the Plaintiffs to examine every tire in this apparently large facility would require the Defendants to participate in some fashion. The Request is overly broad, particularly at this stage of the litigation, and the Motion to Compel is denied as to this Request.

**No. 33:**   Any written communications from any vehicle manufacturer, including but not limited to, General Motors, Ford Motor Company and/or Chrysler regarding Cooper Tire production facilities, practices, procedures, quality control, ISO9000 compliance, or requirements or criteria for producing tires for OE manufacturers.

**Ruling:**   This Request seeks information on the Plaintiff's manufacturing claim, which is no longer viable; therefore, the Motion to Compel will be denied as to this Request.

**No. 8:**  Any internal memos, meeting, notes, reports, or studies relating to tread separations, tread/belt separations, or belt edge separations in steel belted radial passenger or light truck tires produced companywide from 1990 to present.

**Ruling:**  Cooper Tire objected to this Request on several grounds, including its claim that the Request was overly broad and could require the production of privileged documents. The Motion to Compel will be granted as to this Request, but only with respect to the GTS 2256 from May, 1997, to May, 2002.  If this production includes privileged documents, then Cooper Tire should submit an appropriate privilege log.

**No. 41:**  Any and all documents generated by, generated in connection with, or reviewed by the Tire Durability Team, any predecessor committees/teams, or other similar groups studying mechanisms that cause tire to separate in order to improve current lines and develop new tire lines, to include but not limited to findings, recommendations, summaries, reports, studies, and/or correspondence, from five years prior to the date of manufacture of the subject tire to the date of your response.

**No. 56:**  Any documents, internal memos, meeting notes, reports, or studies relating to tread/belt separation in steel belted radial tires produced at the Tupelo, Albany, Findley, and/or Texarkana plants which were generated from 1985 to present.

**Ruling:**  Cooper Tire agreed to produce responsive documents related to the GTS 2256 dated one year before and one year after the date of the manufacture of the subject tire. The court is of the opinion that the response should be limited to the GTS 2256, but should be extended to the period from May, 1997, to May, 2002.

**No. 62:**  Copies of all documents compiled, considered, or prepared by any committee, task force (to include but not be limited to the Blister Liner Task Force) or other group or individual in the five years prior to the date of manufacture of the subject tire through the present, in connection with any observation, study, examination, or comparison of tread/belt separation data and/or the causes for such separations in similar tires, undertread thickness, body ply perforation, HPL, monoply, superply, air permeation of innerliners, awling of cured tires and/or green tires, issues concerning cracking below the aligning ribs, issues concerning cracking at the stock junction, issues concerning buckles in the crown or sidewall, issues concerning outside circumferential breaks, and/or issues concerning antioxidants.

**Ruling:**  Cooper Tire objected on the same grounds as it objected to Request No. 43, which does not appear in the Motion or the attachments thereto.  The Motion to Compel will be granted, but responses will be limited to GTS 2256 from May, 1997, to May, 2002.

**No. 68:**  Any and all documents, electronic records, photographs and videos/videotapes produced by and/or created in connection with the use of spiral wound nylon overlays in the manufacture of tires at Cooper Tire and Rubber Company, including but not limited to any testing, studies, prototypes, pilot programs, project or program summaries or other such data relating to its effect on tread/belt separations or other similar features.

**Ruling:** Cooper Tire objected, noting that the subject tire did not contain spiral wound nylon overlays, but offered to produce responsive documents generated within two years before the manufacture of the subject tire.  The Motion to Compel will be granted as to this Request, but the response shall be limited to documents generated from May, 1997, to May, 2002.

**No. 7:** Any internal memos, meeting notes, reports, or studies relating to blistered liner, air pockets, or air bubbles in passenger and light truck steel belted radial tires produced by Cooper Tire at the subject plant from 1998 to present.

**No. 40:** Any and all documents to, "cc'd" to, "bcc'd" to and from Richard Stephens regarding tread/belt separations from 1989 through the present, including but not limited to, memos in 1996.

**No. 49:** Any and all documents forwarded to, received by, or generated at any time by the Cooper employees listed below referencing an increase in tread/belt separations from 1990 through 2004 Cooper manufactured steel belted radial tires. [List omitted.]

**No. 52:** Any and all documents that reflect customers' recognitions of and/or complaints of trapped air defects and/or conditions in Cooper-manufactured tires, together with any such documents that reference or represent Cooper's responses and/or corrective actions taken in connection therewith.

**Ruling:** The Motion to Compel is denied as to this Requests, which appear to be directed to manufacturing defects.

**No. 22:** All documents previously produced to Plaintiffs' counsel in response to requests to produce, answers to interrogatories, or protected depositions from the case of *Hervey, et al. v. Cooper Tire & Rubber Company*, United States District Court, Eastern District of Arkansas, Eastern Division, Case No. 2:99CV00212GH; and *Coleman v. Cooper Tire & Rubber Company*, United States District Court, Southern District of Georgia, Brunswick Division, Civil Action No. CV 2002-036.

**No. 23:**  All documents previously produced to Plaintiffs' counsel in response to requests, to produce, answers to interrogatories, or protected depositions from the case of *Trinita Moore Coleman, Individually and as Administratrix of the Estate of Earl Leonard Coleman and Guardian of Quentin Coleman and Joshua Coleman vs. Cooper Tire & Rubber Company, et al.*, United States District Court, Southern District of Georgia, Brunswick Division, Civil Action No. CV203-50 and *Smalls v. Cooper Tire & Rubber Company*, 9th Judicial Circuit Court, Charleston County, South Carolina.

**No. 24:**  All documents previously produced to plaintiff's counsel in response to requests to produce, answers to interrogatories, or protected depositions from the case of *Rhodes, etc. v. Cooper Tire and Rubber Company, et al.*, in the Circuit Court of the First Judicial District of Hinds County, Mississippi, Civil Action No. 02-1208.

**No. 25:**  All documents produced by Defendant, Cooper Tire & Rubber Company, in *Talalai v. Cooper Tire*, Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-008830-00MT and retained in the Cleveland Repository.

**No. 26:**  A copy of all depositions of Cooper's corporate employees taken in prior pending tread belt separation cases, including depositions presently in the possession of Plaintiffs' counsel herein from the *Winston Tire Cases*, JCCP No. 4292, Superior Court, Los Angeles County, California and *Castro-Barreto v. Cooper Tire & Rubber Company*, Superior Court of Los Angeles County, California, Case No. BC 254965, including, but not limited to, the depositions of Richard Stephens, Dale Schimmoeller, Rita Feczer, Dewey Beach, Lyle Campbell, Stephan F. Cramer, Keith A. Leali, and Jeffrey Schroeder.

**No. 28:**   All documents produced in response to requests to produce, answers to interrogatories or protected depositions from the *Winston Tire Cases*, JCCP No. 4292, Superior Court, Los Angeles County, California, presently in the possession of Plaintiffs' counsel, including, but not limited to the following: [List omitted.].

**Ruling:**   The Plaintiffs have not established the relevance of the documents sought in this case, and the Motion to Compel will be denied as to these Requests.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion to Compel is hereby **granted** in part and **denied** in part, as set out above. Cooper Tire shall produce the documents described above on or before December 18, 2006.

IT IS SO ORDERED, this the 20th day of November, 2006.

                                                              s/John M. Roper
                                      UNITED STATES MAGISTRATE JUDGE