IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNNY L. BRADLEY, Individually
and on behalf of the Wrongful Death
Beneficiaries of TIMICA M. BRADLEY,
Deceased, and Deante Bradley, a Minor,
by and through His Next Friend and
Natural Father, JOHNNY L. BRADLEY                             PLAINTIFFS

v.                                              CIVIL ACTION NO. 4:03cv00094-DPJ-JCS

COOPER TIRE & RUBBER COMPANY, et al.                           DEFENDANTS

ORDER

This products liability case is before the Court on the following motions/appeals: Plaintiffs' Objections to Magistrate Judge Order Dated June 5, 2008 [559]; Cooper Tire & Rubber Company's Rule 72 Objections to August 8, 2008, Order [567]; and Cooper Tire & Rubber Company's Motion for Additional Relief Based on Bruce Kaster's Interrogatory Responses [569].[1] The Court, having fully considered the parties' submissions and the applicable law, finds that Plaintiffs' appeal [559] should be denied; Defendant's appeal [567] should be granted in part and denied in part; and Defendant's motion for additional discovery [569] should be granted in part and denied in part.

I.      **Facts/Procedural History**

The original dispute between Plaintiffs and Cooper Tire & Rubber Company ("Cooper") is now a distant memory having been settled in September 2007 after more than a week of trial.

---

[1]The motion for additional discovery could be handled by the magistrate judge, but because it overlaps with relief sought in Defendant's appeal, it will be addressed by the undersigned.

Since then, the parties have filed a variety of motions related to documents produced pursuant to a March 4, 2005 protective order ("Protective Order" attached hereto as Exh. "A") [83].

The Protective Order was entered after some dispute and was never appealed. It contains the following relevant provisions:

> **"Confidential Material."** As used in this Protective Order, confidential material shall refer to information and records of Defendant Cooper Tire & Rubber Company . . . protected as trade secrets or confidential information pursuant to state and federal law. All **confidential material** is the exclusive, inalienable property of Defendant.

Protective Order ¶1. The order further states: "All materials designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order *until further order by the Court*." Protective Order ¶4 (emphasis added). Paragraph 7 of the order states: "Access to **confidential material** shall be limited to **authorized persons,** solely in the performance of their duties in connection with trial preparation of this case." Finally, Paragraph 14 of the Protective Order expressly addressed inadvertent disclosures:

> Should any **confidential material** be disclosed to any unauthorized persons, through inadvertence of a party or through the act or omission of any person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order; (b) shall be identified immediately to counsel of record for Defendant; and (c) shall be directed if within control of a party, or otherwise asked, to sign the Promise of Confidentiality (Exhibit A). At Defendant's sole discretion, such unauthorized person may be required to surrender to Defendant all copies of **confidential material** in such unauthorized person's possession. The person or entity whose inadvertence caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Promise of Confidentiality and for all reasonable attorneys' fees, costs, and expenses associated with enforcement of this Protective Order.

Each individual gaining access to the confidential material signed a "Promise of Confidentiality," which was attached as Exhibit "A" to the order. The exhibit included the following relevant provisions: "I promise that I will use the **confidential materials** as defined under that Protective Order of Confidentiality only in connection with assisting counsel of record for the Plaintiffs or Defendants in preparing for litigation of this matter"; *id*. ¶3, "I promise that I will not disclose or discuss such **confidential material** with any person other than counsel **of record** for the parties or members of their staff who are actively engaged in the preparation of this case"; *id*. ¶4, and "I understand that any use of the **confidential material** I obtain, in any manner contrary to the provisions of the **Protective Order of Confidentiality** or **this Promise of Confidentiality** may subject me to sanctions by this Court . . . ." *Id*. ¶6.

Judge Sumner's August 8, 2008 Order [564] made factual findings that are relevant to the pending appeals/motion. According to the magistrate judge, certain documents that had been marked confidential and produced pursuant to the Protective Order (hereinafter the "Subject Documents") were attached to one of Plaintiffs' pleadings and maintained in the office of the clerk in a file folder marked "Sealed" but were not in sealed envelopes as required by the Protective Order. Those documents were obtained from, and with the assistance of, the court clerk's office by individuals who were not before the Court. Plaintiffs' counsel, Bruce Kaster, then obtained a copy of the Subject Documents from Texas attorney Kyle Farrar after Mr. Kaster returned his copies of the original documents as required by the Protective Order. Mr. Kaster notified Cooper that he had the documents in a letter dated May 30, 2008. On June 4, 2008, Cooper filed a motion seeking immediate return of the documents in Mr. Kaster's possession, and the magistrate judge so ordered on June 5, 2008 [555]. Plaintiffs appeal this ruling [559].

After successfully moving for return of the Subject Documents, Cooper filed another motion on June 24, 2008 [560] claiming "that further enforcement action is necessary to safeguard its trade secret and confidential documents which have been placed under seal by this Court." In essence, Cooper asserted that others had obtained copies of the Subject Documents, and it sought an order (1) instructing all third-parties in possession of the Subject Documents to return the documents to Cooper; (2) allowing limited discovery to determine who has copies of the Subject Documents; and (3) ordering Plaintiffs' counsel "and others" to cease and desist continued use of the Subject Documents in other cases.

The magistrate judge granted Cooper's motion in part and denied it in part. The August 8, 2008 Order [564] ruled as follows: (1) the motion was moot with respect to the request that Plaintiffs' counsel return all copies of the Subject Documents; (2) wide-ranging discovery was not warranted because the regrettable disclosure "cannot now be undone"; (3) the Protective Order did not preclude counsel from requesting those documents through discovery in other cases; and (4) Cooper was entitled to limited discovery in the form of interrogatories to Mr. Kaster to determine the scope of his involvement in Mr. Farrar's acquisition of the documents. Cooper appealed portions of this ruling [567], and has also filed a motion seeking additional discovery based on Mr. Kaster's responses to the interrogatories [569].

## II.    Analysis

Rule 72.1 of the Uniform Local Rules allows an appeal of a magistrate judge's order. Rule 72.1(2) provides that

> [n]o ruling of a magistrate judge in any matter in which he or she is empowered to hear and determine shall be reversed, vacated, or modified on appeal unless the district judge shall determine that the magistrate judge's findings of fact are

4

> clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.

The "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also* FED. R. CIV. P. 72(a).

    A.    <u>Plaintiffs' Appeal of June 5, 2008 Order</u>

Plaintiffs maintain that Mr. Kaster was entitled to keep and freely use documents originally produced pursuant to the Protective Order because they were provided to him by a third-party, were not trade secrets, and in any event, Cooper waived privilege. Judge Sumner disagreed and his ruling is hereby affirmed.

Having reviewed the documents in camera, the Court notes that each page of each document was clearly stamped: "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER –Johnny Bradley et al. v. Cooper Tire & Rubber Co. et al." They were also bates stamped with numbers specific to the *Bradley* case. Therefore, there is no dispute that the documents were produced pursuant to the Protective Order. Paragraph 4 of the Protective Order states that "[a]ll materials designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order *until further order by the Court*." (Emphasis added). Paragraph 14 of the Protective Order demonstrates that confidential material does not lose its protection when inadvertently disclosed to third-parties. The Protective Order was never lifted, and the magistrate judge was correct in finding that it applied to the documents Mr. Kaster re-acquired following an inadvertent disclosure. Moreover, when viewed in light of the magistrate judge's August 8, 2008

Order, it is clear that the judge crafted a practical result by requiring return but denying Cooper's attempt to prevent Plaintiffs' counsel from ever requesting the Subject Documents during discovery in other cases. Finally, the Court rejects Plaintiffs' trade secret and waiver arguments for the reasons explained *infra*. The Court affirms Judge Sumner's June 5, 2008 Order [555] finding it neither clearly erroneous nor contrary to law.

B. <u>Cooper's Appeal of August 8, 2008 Order</u>

Although the magistrate judge addressed several issues in his August 8, 2008 Order, Cooper has narrowed its focus to the following ruling:

> Furthermore, the court declines the invitation to allow wide-ranging discovery by Cooper Tire in an attempt to discover the identity of every person who may have obtained copies of these documents from the sealed portion of the file and to attempt to order persons wherever located to return them. That this disclosure of documents from a sealed portion of the file may have occurred is regrettable, but it cannot now be undone.

Cooper's Rule 72 Objection at 2 (citing Order [Doc. 564] at 3). Cooper argues that this ruling is contrary to law and requests an order that "(1) requires those known individuals and entities that have the Subject Documents to return them; and (2) that allows for limited discovery to determine the scope of dissemination beyond those known individuals and entities." *Id*. at 15. Cooper's appeal does not identify the proper scope of this "limited discovery."

Plaintiffs have responded to Cooper's appeal in a somewhat tepid fashion, noting that much of the relief Cooper seeks is not directed at them because they have returned the documents. Nevertheless, Plaintiffs primarily argue that (1) the documents are not trade secrets; (2) Cooper waived protection; and (3) the information has already been distributed.[2]

---

[2]Plaintiffs raise other arguments that appear misplaced, such as a general reference to the First Amendment. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984) (holding

*1.    Trade Secrets*

Whether Cooper's documents constitute trade secrets is an issue that has been argued and re-argued throughout the tortured history of this case. Plaintiffs continue to argue that the Subject Documents are not trade secrets, and Cooper again responds that this Court has already determined that they are. The Protective Order allowed Cooper to stamp documents as "Confidential," and Cooper liberally exercised that right as to a wide variety of material, including the Subject Documents. The documents Cooper elected to mark "Confidential" were to be filed under seal and protected from disclosure. However, this unilateral designation by Cooper did not create trade secret status. *See* Orders entered June 15, 2007 [450] and January 7, 2008 [547]. Instead, the Protective Order provided a practical and common approach under Rule 26(c) of the Federal Rules of Civil Procedure that allowed discovery to move forward without first obtaining a ruling as to the trade secret status of every document. *See* 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 2043 (2008) ("On its face, the rule goes beyond trade secrets"). Ultimately though, the trade secret status of the Subject Documents is not the true issue before the Court. As stated, the Subject Documents were produced subject to the Protective Order, which remains in place, and the issue is whether the order was violated.

As a corollary to this argument, Plaintiffs argue that there is nothing left to consider because the documents were initially attached to a non-discovery related motion and should not

---

protective order enforceable over First Amendment objections).

have been sealed.³  Even if the documents were attached to a non-discovery related motion as Plaintiffs claim, the argument ignores the fact that the Court has never lifted the order sealing the documents or the Protective Order.  Whether Plaintiffs agree with these orders or not, they remain in effect until lifted, and the Protective Order expressly addresses inadvertent disclosure and post-trial duties in a way that is consistent with the magistrate judge's ruling.  *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) (holding that "[p]ersons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.").

        2.    *Waiver*

It is worth repeating Judge Sumner's factual finding that the Subject Documents were filed by Plaintiffs, not Cooper.  Thus, there is no logical argument that Cooper caused the inadvertent disclosure.  Plaintiffs claim, however, that Cooper failed to timely act upon learning of the disclosure.

The record evidence submitted by both parties demonstrates that attorney David Rumley informed Cooper's counsel during an unrelated deposition in October 2007 that he had obtained documents from the *Bradley* case.  This would have been approximately eight months before Cooper moved to enforce the Protective Order.  Plaintiffs further submitted an email from Mr. Rumley stating, "As I told you, I have Bradley documents that I obtained from the court house.  I

---

³The magistrate judge's August 8, 2008 Order merely stated that the Subject Documents were attached to one of Plaintiffs' "documents."  It did not say which, and the record before the Court does not indicate whether those documents were non-discovery related as Plaintiffs now assert.

showed your partner these documents during [a] deposition . . . He didn't seem to [sic] concerned." Cooper's Rule 72 Objection [567] at Ex. "L."

Cooper responded to this argument with an affidavit from its lead counsel in the *Bradley* case, Justin McDonald, who was the Cooper attorney present at the deposition Mr. Rumley referenced. Mr. McDonald stated, under oath and as an officer of the court, that Mr. Rumley informed him that he had redacted copies of three trial exhibits from the *Bradley* case. *Id*. at Ex. "A." These exhibits were the subject of another round of motions ultimately resulting in this Court's ruling that Cooper waived confidentiality as to these specific documents. *See* January 7, 2008 Order [547]. Mr. McDonald further stated in his affidavit that he "was not shown the Subject Documents" and that "Mr. Rumley did not tell me he possessed any documents from *Bradley* other than the 3 Trial Exhibits." Cooper's Rule 72 Objection [567] at Ex. "A." Finally, Mr. McDonald confirmed that had he "been shown the Subject Documents . . . [he] immediately would have taken appropriate action." *Id*. Plaintiffs have not submitted any counter affidavits from Mr. Rumley or anyone else associated with the deposition, and Mr. Rumley's email does not contradict Mr. McDonald's account because it never identifies the specific documents he referenced during the deposition.

Mr. McDonald's affidavit statements are further supported by Cooper's actions in May 2008. After Mr. Kaster revealed the inadvertent disclosure of the Subject Documents, Cooper immediately began taking steps to retrieve the documents, including filing a motion four days later. Cooper also contacted Mr. Rumley to ask whether he had possession of documents other than the three trial exhibits. *Id*. at Ex. "L." It does not appear that Mr. Rumley responded, but
9

Cooper's correspondence with Mr. Rumley in June 2008 is consistent with Mr. McDonald's claim that Mr. Rumley's disclosure in October 2007 was limited to the three trial exhibits.

Viewing the record as a whole, the Court finds that Cooper did not voluntarily disclose the Subject Documents or fail to take reasonable precautions to ensure their secrecy. *See Phillips v. Frey*, 20 F.3d 623, 630 (5th Cir. 1994) (discussing standard for waiver).

### 3. Whether Documents Should be Returned

Plaintiffs claim that the information has already been disseminated and that the damage is done. Judge Sumner agreed, and the question is whether his holding was clearly erroneous or contrary to law. The Court finds that the order should be modified.

The Subject Documents were produced pursuant to the Protective Order. The magistrate judge correctly found that they were inadvertently disclosed. Pursuant to Paragraph 14 of the Protective Order, the documents retained their protected status, and the Court has the authority to enforce its orders. *C.f.*, *Waffenschmidt v. Mackay*, 763 F.2d 711, 714, 716 (5th Cir. 1985) (quoting *Berry v. Midtown Service Corp.*, 104 F.2d 107, 110 (2nd Cir. 1939)).

In the present case, certain individuals came to the courthouse and obtained copies of the Subject Documents. Although the clerk's office unwittingly assisted, that conduct does not equate to an order lifting the Protective Order. Moreover, the documents were maintained in a folder marked "Sealed" and each page of each document was stamped "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER –Johnny Bradley et al. v. Cooper Tire & Rubber Co. et al." It does not appear from this record that any of the attorneys and other individuals who copied the documents made any inquiry as to whether the order had been lifted as to these clearly marked documents, and the docket would reflect that no such orders were entered. Individuals

that copied the documents, or had their agents do so, are subject to the Court's jurisdiction and are hereby ordered to return all copies of the Subject Documents now in their possession. Moreover, those individuals are ordered to comply with subsections (A), (B) and (C) of Paragraph 14 of the Protective Order.

Finally, Cooper challenges the limitations placed on discovery by the magistrate judge. This issue overlaps Cooper's subsequently filed motion for additional discovery, and the Court will address the issues together.

### C. Cooper's Motion for Additional Discovery

Cooper originally sought discovery to determine who has obtained copies of the Subject Documents, but did not express any limitations to this discovery. The magistrate judge declined that invitation but held:

> The court is, however, concerned with the question of the extent of Mr. Kaster's involvement in Mr. Farrar's acquisition of the confidential Subject Documents from the sealed portion of the court file. Thus, the court will grant Cooper Tire leave to propound up to five interrogatories to Mr. Kaster on this limited issue and no other. Said interrogatories shall be served within five days of this order, and Mr. Kaster shall serve his responses within ten days of service and shall file a copy of his responses with the court. *Thereafter, the court will consider whether any further action is necessary in light of Mr. Kaster's responses*.

August 8, 2008 Order at 4 (emphasis added). Cooper claims in its appeal that the limitations were contrary to law and claims in its motion that the initial responses demonstrate a need for "further action."

Mr. Kaster's response to Cooper's motion is largely rhetorical (citing no legal authority) and causes the Court to seriously question whether the author ever read the Protective Order. For example, the response repeatedly makes statements such as "Cooper Tire carps about Kaster's

11

failure to disclose . . . the fact that third parties had apparently legally procured copies of Bradley documents, perhaps even confidential Bradley documents . . . Kaster was not/is not obliged to tell Cooper Tire this." Kaster's Response to Motion for Additional Discovery [572] at 6. The argument fails to account for Paragraph 14 of the Protective Order, *supra*, which creates affirmative duties upon learning of an inadvertent disclosure.

Although Mr. Kaster appears to have made a good faith effort to respond to the interrogatories Cooper propounded, his response to this motion highlights that the magistrate judge's order was unduly restrictive with respect to the scope of permissible discovery. For instance, the record reflects that Mr. Farrar is not the only individual known to Mr. Kaster to have obtained the Subject Documents. Cooper is entitled to determine Mr. Kaster's knowledge of individuals who obtained the Subject Documents, and it is entitled to explore Mr. Kaster's communications and involvement (if any) with such individuals. This is best accomplished by deposition where ambiguities can be explored.

The Court is concerned, however, as was the magistrate judge, with the prospect of never-ending discovery and motion practice regarding what might be an impossible task of undoing what has been done. The Kaster deposition, coupled with the Paragraph 14 compliance by those who obtained the documents from the court file, should give the parties a better understanding of the breadth of the dissemination and whether further measures are necessary or advisable.[4]

---

[4]Cooper would be well advised to soberly consider the extent to which it wishes to pursue these issues because its efforts may become counterproductive and draw attention to the information it is attempting to protect.

III.     CONCLUSION

Through no fault of its own, documents that Cooper produced pursuant to a protective order were obtained by third-parties.  While the Court may eventually find that this mistake cannot be remedied, Cooper is entitled to explore the extent of the dissemination and possible breaches of the Protective Order more fully than provided for in the magistrate judge's order.

Plaintiffs' Objections to Magistrate Judge Order Dated June 5, 20008 [559] is DENIED; Cooper Tire & Rubber Company's Rule 72 Objections to August 8, 2008, Order [567] is GRANTED in part and DENIED in part; and Cooper Tire & Rubber Company's Motion for Additional Relief Based on Bruce Kaster's Interrogatory Responses [569] is GRANTED in part and DENIED in part.

**SO ORDERED** this the 5th day of December, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE